The People of the State of Illinois, Defendant in Error, v. William H. Dunn (impleaded), Plaintiff in Error.

## Gen. No. 27,561.

1. CRIMINAL PROCEDURE—*necessity for incorporating supporting affidavits for change of venue in bill of exceptions.* Error in denying a motion for change of venue in a criminal case is not properly presented for review in the Appellate Court where the bill of exceptions does not contain the affidavits to support the petition for change even though they appear in the clerk's transcript of the common-law record.

2. CRIMINAL PROCEDURE—*prosecution not removable out of county for prejudice of judge.* Change of venue of a prosecution on the ground of prejudice of all the judges of Cook county authorized to try an indictment found therein is properly denied under the pro-

visions of the Venue Act, sec. 21, Cahill's Ill. St. ch. 146, ¶ 21, limiting the disqualification for prejudice to two judges in the county and providing that the venue shall not be changed from the county in which the indictment is found, notwithstanding the fact that such section as amended omits direct reference to Cook county. The effect of granting such motion would be to bar the prosecution.

3. CONSPIRACY—*conviction of one conspirator where others are unknown.* A conviction of one of several named conspirators is proper although the other named defendants are acquitted where the indictment charges a conspiracy not only with the acquitted defendants but "with others unknown" and the evidence is sufficient to establish a conspiracy of the convicted defendant with those unknown.

Error to the Criminal Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Affirmed. Opinion filed November 8, 1922.

GEORGE J. DREISKE, for plaintiff in error.

ROBERT E. CROWE, for defendant in error; E. E. WILSON, CLYDE C. FISHER and ALVA L. BATES, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Defendant in error Dunn was indicted and tried with two other named defendants, in the criminal court of Cook county, for a conspiracy with others unknown, maliciously, etc., to compose, publish, etc., a certain defamatory libel concerning Charles W. Peters, sheriff of Cook county. There was a jury trial and he was found guilty as charged in the indictment, and the punishment was fixed at a fine of one cent. The other two were acquitted. This writ is brought to review the judgment against Dunn rendered on the jury's verdict.

It is first urged that the court erred in refusing to grant a change of venue which was applied for "from each and every of the judges of the circuit, superior

and criminal courts of Cook county,''—together with other judges of other judicial circuits of the State—on the ground of their prejudice against defendant. We might disregard this assignment of error on the technical ground that the bill of exceptions does not contain affidavits to support the petition, without which it cannot be told in any case whether a change should be granted. While affidavits are inserted in the clerk's transcript of the common-law record we cannot see them with the judicial eye unless they appear in the bill of exceptions, as they are not properly a part of the common-law record.

But we prefer not to disregard the assignment on that ground, for whether there were, as a matter of fact, affidavits in due form and substance to support the petition we think it was properly denied on its face, as it sought a change not only from more than two judges but from all judges authorized to try an indictment found in Cook county unless transferred to another county on the ground of prejudice of the inhabitants. As, however, a transfer on the latter ground was not asked and the judges of the circuit and superior courts of Cook county are the only judges authorized under the constitution to preside in the criminal court of Cook county, and the statute forbids a change of venue in a criminal case for prejudice of the judge from the county in which the indictment is found (section 21, Venue Act [Cahill's Ill. St. ch. 146, ¶ 21]), a granting of the petition would have effectually prevented the trial of the case by any judge, a situation which considerations of public policy forbid.

The provisions for a change of venue in a criminal case are found in sections 18 to 21, inclusive, of the Venue Act [Cahill's Ill. St. ch. 146, ¶¶ 18-21]. Section 18 provides upon what grounds the change may be had, and section 19 to what court it may be taken, with a proviso respecting cases in the criminal court

of Cook county. Section 20 has no application to the questions involved. While sections 18 and 19 remain as they stood in the Act of 1874, they must, of course, be construed to harmonize with section 21 in its present form. That section was amended in 1879 and again in 1881. In its various forms it has been the only section of the Act which sets forth the requirements for a change of venue, and has been uniformly construed as applicable to all courts having jurisdiction of such cases, including to our own knowledge the criminal court of Cook county. As it now stands, the principal changes from its original form consist in the right to name any two judges of the court the applicant may believe are prejudiced against him, and in prohibiting the change from the county in which the indictment is found.

Plaintiff in error relied upon the proviso of section 19 for the right to take a change from "all the judges of the circuit, superior and criminal courts of Cook county." The entire section reads as follows:

"Section 19. When a change of venue is granted it may be to some other court of record of competent jurisdiction in the same county, or to some other convenient county to which there is no valid objection; *Provided,* that when a case is pending in the criminal court of Cook county, and the cause for the change applies only to a judge of said court holding court at the time of the trial, the case may be tried by any other of the judges of said court to whom the cause alleged does not apply." [Cahill's Ill. St. ch. 146, ¶ 19.]

In 1874, when the act was passed, there was only one judge in any judicial circuit outside of Cook county and therefore a change of venue might take the case out of the county where the indictment was found. As there were several judges who were *ex officio* judges of the criminal court of Cook county, the proviso manifestly contemplated that the "cause alleged" would not apply to all of them. But if it did

apply to all of them there was nothing in the section itself or the statute as it then stood which would have prevented a change to another county. Section 21 in its original form was in harmony with section 19 and conditions then existing, as it referred presumably to "the judge" before whom the case was brought for trial and did not prevent a change of venue from the county. Section 21 then read as follows:

"When the cause for a change of venue is the prejudice of the judge, the petition shall be accompanied by the affidavits of at least two reputable persons, resident of the county, and not of kin or counsel to the applicant, that they believe *the judge* is so prejudiced against the applicant that he cannot have a fair and impartial trial; and thereupon the said judge shall *change the venue* of said cause."

But when section 21 was amended in 1879 (see Venue, Session Laws 1879) conditions had changed. The law had increased the number of circuit judges to three for each judicial circuit outside of Cook county and the number of judges of the superior court of Cook county. As amended by the Act of 1879 the section still permitted a change from the county if "the disability alleged" applied to "all the circuit judges in the circuit," with the proviso that when the case was pending in the criminal court of Cook county there should be no change of venue except to "some one of the judges authorized by law to hold said criminal court, other than the one who is holding said court at the time the application * * * is made," and it provided for the manner of selecting the judge to try the case. It will be noted that if any uncertainty existed prior to that time as to whether a change could be taken from Cook county on account of the prejudice of the judge, this proviso removed the uncertainty. While therefore the section as so amended contemplated "the disability alleged" might apply to all the circuit judges in a circuit outside of Cook county, it did not contemplate that all the judges in

Cook county "authorized by law to hold said criminal court," namely, *those of the circuit and superior courts of Cook county, could be made disqualified by the application, although the section did not expressly limit the number of judges of the criminal court of Cook county from whom the change might be taken. Evidently the section in that form was deemed unsatisfactory both as it applied to Cook county and circuits outside of it for at the following session of the legislature (Session Laws, 1881) it was amended again to read in its present form, which is as follows:

"Section 21. When the cause for a change of venue is the prejudice of the judge, or any two of them, the petition shall be accompanied by the affidavits of at least two reputable persons, residents of the county, and not of kin or counsel to the applicant, stating that they believe *the judge, or any two of them,* as the case may be, are so prejudiced against the applicant that he cannot have a fair and impartial trial; and *thereupon* the case may be tried by *any other* of the circuit judges of the circuit in which the case is pending, and the venue *shall not be changed from the county* in which the indictment is found in such case." [Cahill's Ill. St. ch. 46, ¶ 21.]

As thus changed it will be noted that it (1) eliminates any express reference to the criminal court of Cook county, (2) restricts the right to a change to two judges, and (3) prohibits a change from the county in which the indictment is found.

There can be no doubt that section 21 has always been held to apply to all courts having jurisdiction of cases prosecuted by indictment. It was applicable to the criminal court of Cook county before it was amended and has uniformly been held applicable thereto since that time. If it were not applicable to that court there would be the anomaly of no statutory requirements whatever for granting a change of venue when applied for in that court; but, if applicable, we know of no rule whereby the clause "or any

two of them'' can be eliminated from the section when it is applied to that court, especially as there is no other provision of the statute which limits the number of judges from whom a change may be taken in that court, and a change can no longer be taken from the county. In our opinion it would defeat in part the purpose of the section and the statute to hold that the phrase ''the circuit judges of the circuit in which the case is pending'' in the final part of the section limits the application of the section to circuits outside of Cook county. We think in view of the elimination from the section of an express reference to Cook county, the word ''circuit'' in the section includes the judicial circuit in which the criminal court of Cook county was established.

But if it can possibly be said that the restriction as to two judges is not applicable to a petition for a change of venue filed in the criminal court of Cook county, and that such a petition is governed by the proviso of section 19, and under that proviso a change may be had from all the judges of that court ''to whom the cause alleged does apply,'' then in view of the fact that the statute as amended in 1881 plainly intended to prohibit a change from the county in which the indictment is pending, the granting of a change of venue from all of said judges would result, as before stated, in disqualifying any judge whatever from trying the case. And if the provision for naming two judges and the proviso prohibiting a change from the county apply only to outside circuits then Cook county is the only county in the State from which a change of venue may be taken notwithstanding it has forty judges authorized to try cases of that character against three in any other judicial circuit. The Act must receive reasonable construction (*People v. Gerold*, 265 Ill. 448), and a reasonable construction to be given on this subject is that an applicant for a change of venue on the ground of prejudice of the judge can-

not name more than two judges in his petition in whatever court the application is made. Regardless, therefore, of whether there were proper affidavits to support the petition or not, it was properly denied because on its face it asks not only for a change of venue from all the judges authorized to try the case but from more than two of them.

In aid of this conclusion it may be said that the prejudice of the judge referred to is a personal one against the applicant and that it cannot in the nature of things exist if the judge has never even heard of him. It is, therefore, suggestive of perjury—except possibly in the rarest instances—when one charges a personal prejudice against him by all of the forty judges before whom his case may be tried in Cook county, where by reason of its large population and consequent social conditions the chances that the applicant is known to all of said judges, and that all of them have a personal prejudice against him, are extremely remote and altogether improbable. Even with the limitation of the right to a change of venue from only two judges, it is a matter of common knowledge and repute that owing to the fact that changes of venue are taken from judges who never knew or heard of the applicant or the case, they must necessarily be secured upon perjured affidavits. But while it is highly improbable in the nature of things that forty judges authorized to try a criminal case in Cook county would have an existing personal prejudice against any one person, yet we think it manifest that the statute never contemplated it even as a possibility.

It is also urged that as Dunn alone of those named in the indictment was convicted, and as the charge was for conspiracy, the judgment cannot stand as there must be at least two parties to a conspiracy. This contention ignores the fact that the indictment charges a conspiracy not merely with the two acquit-

ted defendants but "with others unknown." Where two or more persons are indicted together for one offense, a number may be convicted and the rest acquitted. (Bishop's New Crim. Law, sec. 806; *Gallagher v. People,* 211 Ill. 158, 171.) This principle must be held to apply whether all the parties to the conspiracy are specifically named in the indictment or not, as it is proper to charge a conspiracy "with others unknown." (*Cook v. People,* 231 Ill. 9.) Under such indictment Dunn could be found guilty of conspiracy with the unknown parties even though the two other named defendants were acquitted. The case of *People v. LaBow,* 282 Ill. 227, cited by defendant in error, is not in point. While some of the counts of the indictment in that case charged a conspiracy with persons unknown, yet the opinion of the court states that there was no evidence in the record of a conspiracy except between two persons and, therefore, that the Appellate Court erred in affirming the judgment as to one and reversing it as to the other. But in the case at bar, as the evidence is not preserved in the record, it must be presumed that it was sufficient to establish the charge of a conspiracy between Dunn "and others unknown."

Accordingly the judgment of the lower court will be affirmed.

*Affirmed.*

MORRILL and GRIDLEY, JJ., concur.