(No. 35480.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS D. GOSS, Plaintiff in Error.

*Opinion filed September 29, 1960—Rehearing denied Nov. 30, 1960.*

SOL R. FRIEDMAN & I. S. FRIEDMAN, both of Chicago, for plaintiff in error.

BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRANCIS X. RILEY, Assistant State's Attorney, of counsel,) for the People.

Per CURIAM: Plaintiff in error, Thomas D. Goss, a television commentator and performer also known as Thomas Duggan, prosecutes this writ of error to review a

judgment of the superior court of Cook County finding him guilty of contempt and sentencing him to ten days in jail and a fine of $100. The present writ comes as a sequel to *People* v. *Goss,* 10 Ill.2d 533, where the pertinent facts may be found and wherein we reversed an identical judgment and remanded the cause for a new hearing. In the prior review, however, all substantive and constitutional issues raised were resolved and decided against plaintiff in error on the ground that his telecasted utterances created a clear and present danger to the administration of justice in a cause then pending in the superior court, and our reversal and remandment was predicated solely upon the basis of our finding that the trial court had erred in refusing to grant plaintiff in error a change of venue

After remandment, on March 30, 1959, the cause was eventually set for hearing before Judge William V. Brothers. On June 19, 1959, however, plaintiff in error filed a petition for change of venue in which he listed the names of 49 judges, including Judge Brothers and Judge Ezra Clark, and stated he feared he would not get a fair trial if the hearing on the merits was before any of the judges named. This petition was denied by Judge Brothers, whereupon plaintiff in error immediately filed a second petition, supported by affidavits, charging Judge Brothers with bias and prejudice and praying that the cause be transferred to the executive committee for reassignment to another judge. The latter petition was allowed and the cause was reassigned to and ultimately heard by Judge Clark. At the new hearing it was stipulated that the record in the original proceeding would stand as evidence in the second hearing, and that counsel would be permitted to make such offers of proof as they desired. The People offered no additional evidence. Plaintiff in error, however, again testified, and called several witnesses as well, for a stated purpose of proving the truth of certain utterances he had made. See: 10 Ill.2d 533, at 537.

Although not assigned as a point relied upon for reversal, a statement is made in plaintiff in error's argument that: "The trial court blocked all efforts to introduce such evidence." No specific rulings of the court on particular evidence has been brought to our attention, nor have we been cited authority for the competency of the evidence involved, thus we may consider the point waived even if we assume it was properly presented for review. It is no part of this court's duties or functions to search for errors or, of its own motion, to enter upon an investigation of the record in order to find matter upon which to base a judgment of reversal. (*People* v. *Foster,* 288 Ill. 371.) The rules and decisions of this court firmly establish that, upon review, the ruling of the trial court and the error therein must be pointed out specifically, and the claim of error backed up by citation of authority. *People* v. *Kelly,* 404 Ill. 281; *People* v. *Shines,* 394 Ill. 428; 15 I.L.P., Criminal Law, sec. 846.

At the conclusion of all the evidence the court made extensive findings, which plaintiff in error has failed to abstract, and entered a judgment of guilty and imposed sentence as heretofore described. In the brief filed in this court, plaintiff in error, using word for word, point for point and authority for authority, has assigned as grounds for reversal each and every point which, on the basis of substantially the same record, was assigned and decided adversely to him on the previous review. No new argument or authority has been presented in support of such points. Indeed, the present brief does no more than to adopt the argument of the former brief, nor is there any claim that the additional evidence adduced at the second hearing serves in any way to alter the result we reached when the same points were considered on the first review. On the state of the record, it is manifest that our prior opinion is dispositive of the points now reiterated and we agree, as plaintiff in error expressly states at the beginning of his

brief, that "the only new issue" presented for decision is whether the court below erred in refusing plaintiff in error's request for a change of venue from Judge Clark.

Our statute relating to change of venue in a criminal case provides, among other things, that only one change of venue shall be allowed (Ill. Rev. Stat., 1957, chap. 146, par. 26,) and that "When the cause for a change of venue is the prejudice of the judge or any two of them against the defendant or his attorney, the petition shall be accompanied by the affidavit of the defendant or his attorney, stating that he believes the judge, or any two of them, as the case may be, are so prejudiced against the applicant or his attorney, that either cannot have a fair and impartial trial, and thereupon the case may be tried by any other of the circuit judges of the circuit in which the case is pending, * * *." (Par. 21.)

Although it has been frequently and consistently stated that the venue statute should receive a liberal rather than a strict construction, and should be construed to permit rather than to defeat a change of venue, it has been held at the same time that the statute cannot be construed so as to contravene its express provisions and that applicants are held to the statutory requirements. (*People* v. *Chambers,* 9 Ill.2d 83; *People* v. *Dieckman,* 404 Ill. 161; *People* v. *Touhy,* 361 Ill. 332; *People* v. *McWilliams,* 350 Ill. 628.) Applying these principles in the present case, it is manifest that plaintiff in error's petition of June 19, 1959, violated both the letter and the spirit of the Venue Act and was ineffectual to present a prayer for a change of venue from Judge Clark. It is the settled interpretation of section 21 that an allegation of the prejudice of more than two judges in a petition violates the terms of the statute and warrants the denial of the petition. (*People* v. *Chambers,* 9 Ill.2d 83; *People* v. *Dunn,* 226 Ill. App. 437.) Here, the petition on its face asked for a change of venue from 49 judges and was properly denied.

Moreover, it is our opinion that any change of venue from Judge Clark would violate the direction of section 26 that "No more than one change of venue shall be granted to the defendant * * *." (Ill. Rev. Stat., 1957, chap. 146, par. 26; see: *People* v. *Sleezer,* 9 Ill.2d 57; *People* v. *Touhy,* 361 Ill. 332.) While not labeled as a petition for change of venue, it appears that plaintiff in error was, in effect, granted a change of venue from Judge Brothers on the ground of prejudice, by reason of the allowance of his petition that the cause be retransferred to the executive committee for reassignment to another judge. Since the latter petition was founded upon the judge's prejudice, it is apparent that plaintiff in error received the relief contemplated by the venue statute.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*