(No. 45582.—

ROSEWOOD CORPORATION, Appellant, v. TRANS-
AMERICA INSURANCE COMPANY *et al.*, Appellees.

*Opinion filed May 20, 1974.*

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (Burton Y. Weitzenfeld, John F. McClure, and Michael R. Turoff, of counsel), for appellant.

Marshall Patner, of Chicago, for appellees.

William J. Harte and John E. Guy, both of Chicago, for *amici curiae* Illinois Trial Lawyers Association and Illinois Defense Counsel.

MR. JUSTICE RYAN delivered the opinion of the court:

In 1964 defendants Chester and Julia Fisher entered into a contract to purchase a single-family residence from Rosewood Corporation. After deducting the down payment, the balance of the purchase price was payable in monthly installments. In 1969 the Fishers defaulted in their contract payments and Rosewood Corporation brought an action for possession under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1967, ch. 57). The Fishers sought to introduce, by way of answer, counterclaim and affirmative defense, various matters going to the validity and enforceability of the contract. On motion of Rosewood Corporation the court struck the defensive pleadings and entered judgment for possession. The Fishers appealed to this court and filed an appeal bond in the amount of $5,000, with defendant Transamerica Insurance Company as surety. This court in *Rosewood Corporation v. Fisher*, 46 Ill.2d 249, held that the defensive pleadings were erroneously stricken and reversed the judgment and remanded the cause to the circuit court of Cook County for further proceedings.

The statutory provisions relating to a defendant's appeal bond in forcible detainer actions provide:

"If the defendant appeals, the condition of the bond shall be that he will: (a) prosecute such appeal with effect; and (b) *regardless of the outcome of such appeal, pay all rent then due or that may become due before the final determination of the suit;* and (c) in case the judgment from which the appeal is taken is affirmed or appeal dismissed, pay all damages and loss which the plaintiff may sustain by reason of the withholding of the premises in controversy, and by reason of any injury done thereto during such withholding, until the restitution of the

possession thereof to the plaintiff, \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1967, ch. 57, par. 20.

The appeal bond filed by the Fishers did not include as a provision thereof the statutory condition of the appeal bond italicized above.

Instead of proceeding with the case as remanded, Rosewood Corporation filed a new action praying that the appeal bond be reformed to comply with the provisions of the statute and prayed for judgment against the Fishers and the surety on the bond in the amount of $5,000, the amount of the appeal bond. Thereafter, Rosewood Corporation filed a verified petition for a change of venue which the court denied. Later the defendants filed an answer and a motion for summary judgment which the court allowed and on which judgment was entered in favor of the defendants. The appellate court affirmed (8 Ill. App. 3d 592), and we granted leave to appeal.

The first issue raised by plaintiff involves the denial of its petition for a change of venue, which, omitting caption, signature and verification, is as follows:

"Now comes the petitioner, Rosewood Corporation, an Illinois corporation, plaintiff herein, and states unto the Court that it believes that it will not receive a fair and impartial trial if this cause is tried before the Honorable Nathan M. Cohen, Samuel B. Epstein, Daniel A. Covelli or Walter P. Dahl, Judges of this Court, because said Judges are prejudiced against petitioner so that it cannot expect a fair trial by said Judges. Petitioner further shows that said prejudice first came to its knowledge on or about January 4, 1971.

Petitioner prays for a change of venue in this case or for an order that said case be tried before some other Judge than the said Nathan M. Cohen, Samuel B. Epstein, Daniel A. Covelli or Walter P. Dahl pursuant to the statute in such case made and provided."

If a petition for a change of venue is timely, in proper form, and in compliance with the statute, the right to a change of venue in both civil and criminal cases is absolute. The trial judge has no discretion as to whether or not the

change will be granted and cannot inquire as to the truthfulness of the allegations of prejudice. (*Hoffman v. Hoffman*, 40 Ill.2d 344.) Also, the provisions of the Venue Act, particularly when prejudice of the judge is charged, are to be liberally construed in order to effect rather than defeat a change of venue. *Board of Education v. Morton Council West Suburban Teachers Union*, 50 Ill.2d 258.

Prior to 1969 section 2 of the Venue Act (Ill. Rev. Stat. 1967, ch. 146, par. 2), concerning civil cases, provided:

> "When a change of venue is granted it may be to some other court of record of competent jurisdiction in the same county, or in some other convenient county, to which there is no valid objection: Provided, that when the action is pending in either the Circuit or Superior Court of Cook County, and the only causes for a change of venue apply to one or more but not all of the judges of such court, the case may be tried before some one of the judges of such court to whom the causes do not apply."

This language may give rise to the inference that at least as applied to Cook County any number of judges may be named in a petition for change of venue charging the prejudice of the judges pursuant to section 1 of the Act. Also there are some older cases not limited to Cook County wherein this court has approved or tacitly approved charging the prejudice of more than one judge in a petition for a change of venue in civil cases. *Walsh v. Ray*, 38 Ill. 31; *American Car and Foundry Co. v. Hill*, 226 Ill. 227.

With regard to the change of venue in criminal cases based on the prejudice of a judge, the Act of 1879 contained language which is also susceptible of being construed as authorizing the naming of any number of judges in the petition for a change of venue. (Laws of 1879, p. 318.) In 1881 the language of this section (sec. 21) was further altered to authorize the change of venue for "the prejudice of the judge, or any two of them" and the exception "unless it appears, from the affidavit in

support of the motion for change of venue, that the disability alleged applies to all the circuit judges of the circuit" was omitted. (Laws of 1881, p. 156; S.H.A. ch. 146, par. 21, Historical Note, p. 566.) In 1964 the statutory provision for change of venue in criminal cases was incorporated in the Code of Criminal Procedure. (Ill. Rev. Stat. 1963, ch. 38, par. 114–5.) This statute provides for an absolute right to a change of venue from two judges when prejudice is charged. It also provides for an unlimited number of motions for a change of venue for cause. However, such motions for cause may only be granted following a hearing and determination of the merits of the allegation.

Section 2 of the Venue Act concerning civil cases was amended effective September 17, 1969. The language of section 2 which as indicated above may have given rise to the inference that a change of venue could be had from several judges in Cook County was deleted. (See Ill. Rev. Stat. 1969, ch. 146, par. 2.) Unlike the development of the law relating to criminal cases, no further provisions were incorporated in the Act which would provide for naming more than one judge in the petition for a change of venue, and the Act specifically provides, "Neither party shall have more than one change of venue." Ill. Rev. Stat. 1969, ch. 146, par. 8.

Although there are a large number of judges in the circuit court of Cook County, due to the fact that the court is divided into several divisions there are actually a limited number of judges available to hear cases in each division. When denying the petition for a change of venue, the trial judge in this case observed that on the date that the petition was filed there were seven judges assigned to the chancery division of that court. Thus the petition for change of venue sought to eliminate four of the seven judges available to hear the case.

Although as above stated the venue statute should receive a liberal construction to permit rather than defeat a

change of venue, a statute cannot be construed so as to contravene the express provisions of the statute, and the applicants are bound thereby. (*People v. Goss,* 20 Ill.2d 224.) Clearly the statute in question authorizes an absolute right to a change of venue from a single judge based on the general allegation of prejudice in the petition. However, the statute, contrary to its former content, now contains no language which indicates that the legislature contemplated a change of venue from more than one judge in civil cases based on such a general allegation. By contrast, the statute relating to transfer of judges in criminal cases specifically authorizes the petition to allege the prejudice of any two judges. In interpreting this provision this court has held that it is not proper to name more judges in the petition than authorized by the statute. *People v. Goss,* 20 Ill.2d 224; *People v. Chambers,* 9 Ill.2d 83.

We conclude therefore that a petition seeking a change of venue in a civil case from a single judge need not specify the grounds of prejudice against that judge. However, since there is no statutory authority for a change of venue in civil cases on a general allegation of prejudice naming more than one judge, the petition may not properly do so. As in cases where the petition in criminal cases has named more judges than authorized by statute, we hold that the naming of four judges in the petition for a change of venue in this case, supported only by the general allegation of prejudice, is a violation of the venue statute and warrants denial of the petition. (*People v. Myers,* 35 Ill.2d 311; *People v. Goss,* 20 Ill.2d 224; *People v. Chambers,* 9 Ill.2d 83.) To permit a change of venue from any number of judges on such a general allegation would be to place in the hands of the petitioner the power to pick and choose among the judges and to place his case on a crowded calendar for purposes of delay or on an uncrowded calendar for purposes of receiving a more speedy disposition. This is neither the purpose nor the intent of the Venue Act.

By this holding we do not intend that a party should

be compelled to have his case heard by a judge who is in fact prejudiced against him. The petitioner has an absolute right to a change of venue from one judge based on a general allegation of prejudice. However, if the petition seeks a change of venue from additional judges it must contain specific allegations to support the charges of prejudice against the additional judges and may be granted only in the sound discretion of the court following a hearing. This conforms to the dicta of this court in *Balaszek v. Blaszak,* 405 Ill. 36, wherein this court stated, at page 40, "we know of no direct authority requiring specifications of grounds of prejudice as against a single judge, we think it extremely unusual that an application should be made against a number of judges, without any reason being assigned as to why all of them have a personal prejudice." (See also *City of Chicago v. Marquardt,* 30 Ill. App. 2d 108.) We therefore hold that the trial court properly denied the petition for a change of venue.

The plaintiff contends that the trial court should have reformed the appeal bond to include the omitted statutory condition (b) of section 19 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1967, ch. 57, par. 20(b)) that defendant, "(b) regardless of the outcome of the appeal, pay all rent then due or that may become due before the final determination of the suit; ***." The appellate court properly concluded that the judicial construction of the bond in this case must be with reference to the provisions of the pertinent bond statute regardless of the actual condition of the bond. The omitted provision will be considered to be a part of the bond whether or not it is physically incorporated therein. *People ex rel. McLaughlin v. Cross Co.,* 361 Ill. 405, 419; *Estate of Ramsay v. People,* 197 Ill. 572; *Chicago Housing Authority v. United States Fidelity and Guaranty Co.,* 49 Ill. App. 2d 407; *Davis v. Moore,* 7 Ill. App. 2d 519; see also 11 C.J.S., Bonds, sec. 40(e).

Plaintiff contends that it is entitled to recover under

the omitted provision of the bond. Although this court reversed and remanded the previous case, the plaintiff contends that the statute authorizes it to recover on the bond "regardless of the outcome of the appeal." Therefore, plaintiff argues, the trial court erred in allowing the defendants' motion for summary judgment. We do not accept this argument.

First, it should be noted that the condition of the bond is to pay all rent then due or that may become due before final determination of the suit. Rent is consideration paid for use or occupation of property. (Black's Law Dictionary (4th ed. 1951).) The forcible detainer action in which the original appeal was taken was not one arising from a landlord-and-tenant relationship. It was an action for possession based on an alleged breach of contract for the sale of real estate. It would be inconsistent for the plaintiff to treat the contract as terminated and recover a judgment for possession as it did in this case in the trial court and to also seek recovery under the terms of the appeal bond for the payments which have accrued under the contract during the appeal. (*Wollenberger v. Hoover,* 346 Ill. 511, 546; *Ogden v. Larrabee,* 57 Ill. 389; *First National Securities Co. v. Ward,* 275 Ill. App. 521; see also Kratovil, Forfeiture of Installment Contracts in Illinois, 53 Ill. B.J. 188, at 197; 92 C.J.S. Vendor and Purchaser, sec. 376.) The original forcible detainer action did not seek judgment, and in fact no judgment was entered, for the payments that were in default at the time the action was brought. Also the judgment was for possession only and not for money due by virtue of any default in the payments. However, in this action on the appeal bond the complaint alleges that on the date of the judgment the defendants were in default $2,817.57. Although the Forcible Entry and Detainer Act authorizes a plaintiff to include in the suit for possession a claim for rent due, there is no authority in this statute to include in such a complaint a claim for payments in default under a contract

for purchase (Ill. Rev. Stat. 1967, ch. 57, par. 5), and none was made in the original complaint.

The original judgment from which the defendant appealed was a judgment for possession. The requirement that the defendant file a bond upon perfecting the appeal in this case was designed to protect the plaintiff from loss during the course of the appeal. This of course is premised on the fact that the plaintiff has established its right to possession. The reversal of the plaintiff's judgment on appeal means that its right to possession has not been established. Whatever the obligation of the defendants may be for the occupancy during the appeal period, the reversal by this court of the judgment for possession in favor of the plaintiff and the remand to the trial court places the parties to the original action in the same position that they were in prior to the entry of judgment. The defendants have been restored to the position that they were in before the judgment for possession was entered and the plaintiff, whose judgment has been reversed, has lost all advantages that were obtained by it. *People ex rel. Borelli v. Sain,* 16 Ill.2d 321; *Kinney v. Lindgren,* 373 Ill. 415; *Crozier v. Freeman Coal Mining Co.,* 363 Ill. 362; *De Vries v. United Employers' Corp.,* 309 Ill. App. 639.

In view of the above we can only conclude that there is no judgment or liquidated amount ascertainable at this time which can be the basis for any action on the appeal bond. In our prior decision in this case this court reversed and remanded. It held that the contract buyers could plead equitable defenses and receive equitable relief in the forcible detainer action. There exists the possibility that following the joining of issues and determination of the merits, the trial court may find that there are no amounts due to the plaintiff under the contract and that it is not entitled to possession. Under these circumstances this action on the appeal bond cannot be maintained.

In the original *Rosewood* case this court stated:

"A necessary concomitant of the seeking of relief

through equity is a willingness to do equity. This is fundamental in equity jurisprudence. The invocation by defendants of equitable defenses necessarily requires that the trial court exercise its discretion by ordering such payments as the court deems proper and any other equitable arrangements protective of the property and the interests of all parties during the pendency of the litigation." (46 Ill.2d at 258.) The original complaint in this case was filed in 1969, and the original judgment from which the appeal was taken was entered May 19, 1969. Rehearing on review in this court was denied October 6, 1970. The action on the appeal bond was filed on November 17, 1970. The protracted litigation in this case could have been avoided by immediately proceeding in the original action on remand, and equitable arrangements protective of the property interests of all parties during the pendency of the litigation could have been made in that proceeding by the trial court pursuant to our original opinion.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*