(No. 11611.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JACK LABOW, Plaintiff in Error.

*Opinion filed December 19, 1917—Rehearing denied Feb. 7, 1918.*

1. CRIMINAL LAW—*what evidence of unlawful transactions is admissible on charge of conspiracy.* Where a defendant is charged with the crime of conspiring with another to obtain money by false pretenses and by means of the confidence game, the transactions in which it is shown the money was obtained unlawfully are admissible only as tending to prove the conspiracy and to characterize the crime with which the defendant is charged.

2. SAME—*more than one person must be guilty to sustain conviction for conspiracy.* In order to sustain a conviction for a conspiracy there must be more than one person shown to be guilty, and it is error for the Appellate Court to affirm a judgment of conviction as to one of the parties and reverse it as to another, with whom, alone, it is shown the former party conspired.

CARTER, C. J., dissenting.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. CHARLES M. THOMSON, Judge, presiding.

MICHAEL E. MAHER, and D. RYAN TWOMEY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and FLOYD E. BRITTON, (GEORGE C. BLISS, of counsel,) for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

Jack LaBow, plaintiff in error, together with Abe Shapiro, Frank Ripplinger and George Boggs, was indicted in the criminal court of Cook county charged with the crime of conspiracy. The defendants were charged in the various counts with having conspired to obtain money by means of the confidence game and to obtain money by means of

false pretenses from Myra Miller and Ethel Rice, women who conducted disorderly houses in the city of Chicago. On the trial Ripplinger and Boggs were found not guilty. Plaintiff in error and Shapiro were found guilty and were each sentenced to pay a fine of $1500. A writ of error was sued out from the Appellate Court for the First District, where the judgment of the criminal court was affirmed as to plaintiff in error and reversed and the cause remanded as to Shapiro.

Plaintiff in error makes the contention, among others, that the verdict is against the weight of the evidence, and that as there is no evidence of conspiracy except between plaintiff in error and Shapiro, both must be found either guilty or not guilty.

The proof that plaintiff in error secured money from both of the women named in the indictment by means of the confidence game or by means of false pretenses is conclusive and convincing. The evidence is meager as to the existence of a conspiracy between him and Shapiro and as to any participation on the part of Shapiro in obtaining the money secured from these women. The evidence discloses that Ripplinger and Boggs were used merely as messengers of plaintiff in error to receive the money in a sealed envelope from the women and return it to him. Each of them denied that he knew anything of the nature of the transaction or the means being employed by plaintiff in error to secure the money.

Previous to the return of the indictment there was a preliminary hearing in the police court. At the preliminary hearing Ripplinger testified and pretended to tell all that he knew about the transactions in which he had participated. In his testimony given in his own behalf on the trial in the criminal court Ripplinger detailed a conversation which he claimed to have had with Shapiro which tended to show guilty knowledge on the part of Shapiro of the operations of plaintiff in error. On cross-examination he was asked

if he did not pretend at the preliminary hearing to tell all he knew about those transactions and if he had not failed to detail any such conversation with Shapiro. Objections were sustained to questions along this line. The shorthand reporter who took the testimony at the preliminary hearing was offered as a witness to prove from his notes the matters testified to by Ripplinger at that hearing. This evidence was excluded. Shapiro testified in his own behalf, and on objections on the part of the People was not permitted to recount the testimony given by Ripplinger at the preliminary hearing. It appears from the opinion of the Appellate Court that these rulings were regarded as reversible error and for this reason the judgment against Shapiro was reversed.

From the evidence in this record it is apparent that the plaintiff in error was guilty of obtaining money unlawfully from these women. He was not charged in the indictment with that crime. He was charged with and convicted of the crime of conspiring with Shapiro to thus obtain the money, and the transactions proven in which it was shown the money was obtained were admissible only as tending to prove the conspiracy and to characterize the crime with which the defendants were charged. If Shapiro was not guilty of conspiracy, or if there was a doubt as to his participation in a conspiracy with plaintiff in error, it must follow that plaintiff in error was not guilty, as that same doubt must be resolved in his favor. There is no evidence in the record of a conspiracy on the part of plaintiff in error with anyone except Shapiro. In order to sustain a conviction for a conspiracy there must be more than one person shown to be guilty. *Evans* v. *People,* 90 Ill. 384.

It was error for the Appellate Court to affirm the judgment of the criminal court as to plaintiff in error and to reverse it and remand the cause as to Shapiro. The action of the Appellate Court as to Shapiro is final, and as the ground for reversal in the case of Shapiro operated with

equal force as to plaintiff in error, the judgment of the Appellate Court, in so far as it affirmed the judgment of the criminal court, is reversed and the cause is remanded to the Appellate Court, with directions to reverse the judgment of the criminal court against plaintiff in error and remand the cause for a new trial.

*Reversed and remanded, with directions.*

Mr. CHIEF JUSTICE CARTER, dissenting.