## BRYANT v. UNITED STATES.

### No. 9646.

Circuit Court of Appeals, Fifth Circuit.
June 4, 1941.

---

484

W. K. Zewadski, Jr., and Wm. C. Pierce, both of Tampa, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., and Geo. P. Raney, Jr., Asst. U. S. Atty., both of Tampa, Fla., and Wm. A. Paisley, Asst. U. S. Attorney, of Jacksonville, Fla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Certain members of the St. Petersburg, Florida, police department, acting upon information, entered the house of Mamie Mc-Call in that city, and searched it. A distillery used for the manufacture of liquor in violation of the revenue laws was found. Pursuant to the discovery, W. C. Bryant and four others were indicted for conspiracy to violate the revenue laws. Only Bryant was convicted, and from judgment upon that conviction this appeal is brought.

The testimony given by Will Williams, Joe Kane, and J. R. Meecham adequately supports the judgment of guilt against Bryant. They testified that he owned the still, hired operators to run it, defrayed its operating expenses, bought the ingredients used therein, and attended to the disposition of the manufactured liquor. Williams was hired by Bryant to operate the still, and Bryant paid Meecham for repairing a water pump at Mamie McCall's home which supplied the water used in the operation of the still. Kane lived at the house, and saw Bryant giving orders to the still operators at the still nearly every morning, heard him authorize and direct the repairs on the water pumps, and saw him drive off in his car with quantities of the illicit liquor.

It was made clear that the officers of the federal government had nothing whatsoever to do with the raid and arrests in this case until after the prisoners had been arrested and the evidence had been obtained. When Bryant was searched upon arrest, a receipt evidencing that he had paid the charges for repairing the water pump at the McCall house was found on his person by the local officers. The receipt was identified by Meecham, who had signed it, and it was admitted in evidence. This was proper, as there is no limitation upon the right of the federal government to use evidence improperly obtained by state officers operating entirely upon their own account.[1]

Officer Vaughan of the St. Petersburg police department, the first witness for the government, was asked on cross-examination about Kane's record for dealing in whiskey. An objection was sustained by the court, to which error is here assigned. Kane was not on trial, and he had not testified at the time the question was asked. The question was pertinent and material for purposes of impeachment only, and a witness may not be impeached before

1 Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, .834, Ann.Cas.1915C, 1177; Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159; Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Lerskov v. United States, 8 Cir., 4 F.2d 540.

he has testified. Nor was error committed in admitting the testimony of Willie Wilson. For what reason error is assigned to this matter is not made clear. While Wilson's testimony had little probative force, it tended to corroborate the other witnesses for the government, and was entirely proper.

The fact that, under an indictment charging conspiracy, only the appealing defendant was convicted is not a fatal inconsistency. The indictment charged that Bryant also conspired with Joe Kane. The latter was not a defendant in the case. Moreover, consistency in verdicts is not required.[2]

Affirmed.

---

[2] Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161; Steckler v. United States, 2 Cir., 7 F.2d 59; United States v. Austin-Bagley Corp., 2 Cir., 31 F.2d 229.