(No. 27082.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY FRIEDMAN, Plaintiff in Error.

*Opinion filed May 20, 1943.*

194

HARRY H. KRINSKY, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Harry Friedman, plaintiff in error, presents to this court for review his conviction and sentence to the peniten-

tiary by the criminal court of Cook county for the crime of receiving stolen property. He was indicted jointly with one Edward Grote for burglary and receiving stolen property, but separate trials were granted. Grote was tried by the court and found guilty of burglary, and on the same day, before the same court and by a jury, plaintiff in error (hereinafter called defendant) was tried for the crime of receiving stolen property. Numerous assignments of error require an examination of the facts.

Defendant is a jeweler and has carried on his trade or business in Chicago for thirty-five years, and has been located at his present place of business,—3148 South State street,—for over eight years. He repairs watches and clocks and buys and sells jewelry and glasses, and deals in scrap gold for resale. The proof shows without dispute he bears a good reputation for honesty and integrity. He is sixty-three years of age, married and residing with his wife; and has one son, a practicing lawyer, another a doctor, and a third studying in Armour Institute. He also has a daughter who is reputably employed.

No circumstances other than the testimony of Grote, from whom it is claimed the stolen property was received, showed defendant had other than an honorable record. He was well known to the officer who arrested him, who said nothing derogatory to his character, and defendant voluntarily submitted to the search of his premises for the stolen property, which was not then or thereafter found. Grote, who had been tried and convicted of burglary the same day, was the only witness testifying to defendant's having received the stolen goods.

Grote says that on December 18, 1941, he entered the house of Dorothy Susswein and stole therefrom a wrist watch and diamond ring; that after the burglary and on the same day he called the defendant by telephone in the evening, when he thought he would be at home, and claims he said that he had something to sell, and was told to

come right away; that he went to the house of defendant and sold the watch and ring for $115, receiving $50 in cash, and $65 a few days later. The defendant and his wife positively deny this story in detail, and state defendant bought no property, and paid Grote no money, and that he was not at their house on the evening of December 18, 1941.

Grote had worked for defendant about eight years previously, and some months before had seen the latter about buying a watch for his girl, and had in the past in the course of business sold defendant some scrap gold. Defendant and his wife testified Grote came to their house on the morning of December 18, 1941, to purchase a fountain pen and pencil set, and not liking what was offered was told to come back next day. On cross-examination Grote admitted he had talked about a fountain pen and pencil set on December 18, but had forgotten when he was to come back and call for it. Grote was not asked whether and did not testify he told defendant the watch and ring he claimed he sold the defendant were stolen, or how he had obtained them.

In this connection it is important to observe the warrant was obtained for the search of the store, whereas Grote said he delivered the stolen goods at the residence. If Grote told the same story to the officers he did on the witness stand it is singular the warrant was not to search the house, or to search both it and the store. The inference is strong that Grote did not tell the officers he had gone to the defendant's residence. Grote had been previously convicted of larceny and had served a term in the Bridewell, but no proof is offered that defendant had any knowledge of this fact.

The defendant claims the evidence is not sufficient to show his guilt beyond a reasonable doubt. Under these circumstances it is important to ascertain whether Grote, a confessed thief and claimed accomplice, is corroborated

in any material respect. The law in such case is well established. "It is, however, uniformly held that the testimony of an accomplice is subject to grave suspicion, and should be acted upon with great caution. * * * If such tainted testimony were not regarded with great caution the life or liberty of the best citizen might be taken away on the accusation of the real culprit, made either to shield himself from punishment or to gratify his malice." *People* v. *Harvey,* 321 Ill. 361.

A conviction may be sustained upon the uncorroborated testimony of a confessed criminal and accomplice, but we have always held such evidence to be of doubtful integrity and to be received only with the greatest caution. (*Cohn* v. *People,* 197 Ill. 482; *Hoyt* v. *People,* 140 Ill. 588.) Conviction may be sustained in such cases because the accomplices and their principals usually bear the same shady reputation, (*People* v. *Looney,* 324 Ill. 375,) but the situation is different where the defendant is shown to be a respectable and law-abiding citizen. (*People* v. *Vehon,* 340 Ill. 511.) In *People* v. *Cohen,* 376 Ill. 382, where the conviction was based upon the testimony of three accomplice witnesses, and the defendant was shown to be a reputable citizen, we said: "A conviction of reputable citizens upon such testimony would be a gross miscarriage of justice and cannot be allowed to stand." In *People* v. *Weitzman,* 362 Ill. 11, the defendant was convicted of murder upon the testimony of an alleged accomplice. In reversing the conviction we said: "The testimony of Murphy must be believed to be true in order to sustain defendant's conviction. His testimony as to defendant's part in the conspiracy to murder Daiches was totally denied and contradicted by defendant himself. Murphy, by his own testimony, is an admitted perjurer, robber, murderer, conspirator and accomplice, and his story linking defendant with the murder plot is difficult to believe and was not corroborated in any of its essential details. These cir-

cumstances alone would be sufficient to cause a reversal of the judgment in this case regardless of the many prejudicial errors committed by the trial judge, * * * ."

In the present case Grote had previously been convicted of larceny; he admitted he was a burglar not only of the Susswein premises, but of other premises, and appears altogether to be an undesirable character in every respect. His testimony is totally denied by the defendant and by the defendant's wife. The defendant by placing witnesses upon the stand to establish his good reputation for honesty and integrity opened the question so that evidence to the contrary might be introduced by the People, but none was produced, although the arresting officer had known the defendant and occasionally had had business with him, over a period of eight years. Like the *Weitzman case* other prejudicial error was committed by the trial court. The States Attorney, in an apparent effort to show the defendant was also a law violator, improperly cross-examined the defendant, over the objection of his counsel, as to whether he had a license to buy and sell scrap gold and whether he made proper reports or had paid his retailer's occupation tax. This line of cross-examination was improper and prejudicial, (*People* v. *Fryer*, 266 Ill. 216; *People* v. *Jackymiak*, 381 Ill. 528,) as tending to impress on the jury the defendant was also a law violator.

These facts were made the subject of comment by the prosecuting attorney in his closing argument to the effect the defendant was not a respectable jeweler known to the trade, and also that he could have produced his books to show that he purchased the jewelry of a reputable jewelry house and could show his sales-tax receipts. This was, of course, highly improper as not bearing upon any issue and assumed the defendant had purchased the jewelry, which is wholly and absolutely denied by him. The apparent object of the prosecuting attorney was to show the failure to have any record of such jewelry was proof he had received it.

It is also claimed by the People that the purchase of $1175 worth of jewelry for $115 shows the defendant had knowledge it was stolen. If it were assumed or established he had purchased the property, there would be force to this suggestion, but, since the purchase is wholly denied, the proof of knowledge is based upon the assumption the goods were purchased by defendant, and the failure to prove such purchase beyond a reasonable doubt renders the point urged without force, because there were no facts upon which to base the contention.

The People also, over the objection of defendant, made proof of another burglary by Grote, concerning which it is not claimed the defendant had any knowledge and from which it is not claimed any stolen property was received by the defendant. We have held admitting such evidence is error and prejudicial to the defendant. *People* v. *Knight*, 323 Ill. 567; *People* v. *Krittenbrink*, 269 Ill. 244.

The record in this case discloses that a man who has been in one line of business for thirty-five years, and the head of a respectable family, and shown without dispute to have a good reputation for honesty and integrity, although he thus tendered an issue which might be rebutted, was convicted of a felony upon the testimony of a confessed burglar and petty thief, who is not corroborated in any material respect by any reliable testimony, with the additional fact search failed to disclose the defendant had in his possession all or any part of the stolen property.

The improper actions of the prosecuting attorney in his cross-examination of the defendant, and the proof of the commission by the witness Grote of another immaterial felony, no doubt contributed to the result, but even with such improper elements eliminated the proof was insufficient to support a conviction. The judgment of the criminal court of Cook county is reversed.

*Judgment reversed.*