## People of State of Illinois, Defendant in Error, v. Oba Bryant, Plaintiff in Error.

Gen. No. 9,693.

Opinion filed November 2, 1950. Rehearing denied December 26, 1950. Released for publication December 26, 1950.

PREE & PREE, of Springfield, for plaintiff in error.

GEORGE P. COUTRAKON, State's Attorney, of Springfield, for defendant in error; LAWRENCE SWINYER, JOHN B. STODDART, JR., and ROBERT B. OXTOBY, Assistant State's Attorneys, all of Springfield, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The defendant, Oba Bryant, together with one Ivan Brust, was indicted by the grand jury in the circuit court of Sangamon county at the May 1948, term, for the crime of conspiracy. The indictment alleged that Bryant and Brust conspired to steal soybean meal

from Cargill, Incorporated, a Delaware corporation, and committed certain overt acts in furtherance of the conspiracy. The defendant Bryant was tried before a jury and was found guilty. A fine of $1,000 was imposed. This appeal followed.

Brust was also indicted for grand larceny of meal from Cargill. He entered a plea of guilty to that indictment and was placed on probation. On November 22, 1948, the conspiracy case as to Brust was stricken from the docket with leave to reinstate.

Defendant's principal contention on this appeal is that the striking of the cause with reference to Brust amounted to an acquittal of the defendant Brust, and therefore the defendant Bryant cannot be convicted of the crime of conspiracy.

██ ██ By definition conspiracy is a crime in which two or more people must participate. Thus where there are only two people charged with the offense, an acquittal of one necessarily requires the acquittal of the other, because the other cannot be guilty of the crime by himself. This proposition of law is not disputed, and is well settled in Illinois in *People v. La-Bow*, 282 Ill. 227. The defendant contends that the striking of the indictment as to Brust amounts in effect to an acquittal and therefore the defendant Bryant cannot be found guilty.

 With this we cannot agree. The reasoning under the rule announced in the case of *People v. La-Bow, supra,* is, of course, that the acquittal amounts to a finding that the defendant acquitted did not commit the crime and therefore his alleged co-conspirator cannot be guilty of the crime of conspiracy because it takes at least two people to conspire. But a striking of a cause with leave to reinstate is not a finding that the defendant as to whom the cause was stricken did not commit the crime. Neither is it a final disposition of the case so that Brust cannot be found guilty of the

crime. A case which is stricken with leave to reinstate is a pending case. This was decided in the case of *People v. Kidd,* 357 Ill. 133. The Supreme Court in that case stated at page 137:

"There was no error in re-docketing the cause after the term at which it was stricken. The order striking it with leave to re-instate justified the clerk in omitting the cause from the docket, but the indictment remained undisposed of. The cause might again be placed on the docket and the defendant brought to trial upon the same indictment. An order to strike with leave to re-instate excludes the conclusion that the case is at an end. It implies that it is still subject to the action of the court. (*Blalock v. Randall,* 76 Ill. 224; *Tibbs v. Allen,* 29 id. 535.) In *People v. Hill,* 350 Ill. 129, we held that the re-docketing of a stricken cause where the indictment had been returned almost five years previously was neither unusual nor unlawful. The practice has obtained in this State for upwards of a century. (*Tibbs v. Allen, supra.*) What is here said answers the contention that the defendants should have been again arraigned after the cause was re-docketed. They were once arraigned, and, the cause being still pending, a second arraignment was unnecessary."

The trial court found that the striking of the cause as to the defendant Brust and the calling of him as a witness, amounted to granting him immunity, and the defendant Bryant contends that since Brust has been granted immunity, it is, in effect, an acquittal. The Supreme Court refuted this proposition in the case of *People v. Cohn,* 358 Ill. 326, which was a conspiracy case, and in which the principal witness for the State, Marie Gamble, had been granted immunity. She was one of the principal conspirators and it was argued that since she had been granted immunity her co-conspirator could not be convicted. The Supreme Court

denied this contention and sustained the conviction, saying at page 331:

"The rule is, that where there are but two parties to a conspiracy an acquittal of one of them requires the discharge of the other. (*People v. LaBow,* 282 Ill. 227.) That rule does not operate in this case. Mrs. Gamble was not acquitted of the charge. She was not on trial. The facts to which she testified were sufficient to establish not only the guilt of Cohn but her own as well.''

■ The fact that the defendant Brust may have been granted immunity from prosecution does not mean that he was not guilty of the crime with which he was charged. Immunity from punishment is not a judicial determination of innocence.

Some courts have held that if the prosecutor enters a nolle prosequi as to one of two persons accused of conspiracy the other must be acquitted, and the defendant here further contends that the striking of this indictment with leave to reinstate amounts to a nolle prosequi. With this we cannot agree. When a nolle prosequi is entered the case is at an end. Defendant can no longer be found guilty under that indictment. He must be reindicted before further proceedings can be had, but where a case is stricken with leave to reinstate, it by its terms implies that the case is not at an end, and that it may at some time in the future be placed again on the docket.

Defendant's entire argument is based on the wrong premise. He has confused guilt with punishment. If one of two alleged co-conspirators is not guilty, the other must be acquitted as heretofore stated, but that does not mean that merely because one may become immune from punishment, for whatever reason, that he was not guilty. The witness Brust testified to facts that show that both he and Bryant were guilty.

The defendant cites *Worthington v. United States,* 64 F. (2d) 936, but it appears that that case is no au-

thority to support defendant's contention because the jury found that one of the two alleged conspirators was not guilty. This is, of course, merely an affirmation of what the Illinois courts have held following *People v. LaBow, supra.*

The same distinction applies in the case of *Feder v. United States,* 257 Fed. 694, cited by the defendant. In that instance the conviction of one of the defendants was reversed by the circuit court of appeals and the court held that the other defendant could not be guilty of a conspiracy.

■ Defendant claims that Brust was not present when the indictment was stricken, and therefore this amounted to a dismissal of the conspiracy case as against Brust. Whatever may be Brust's rights in the matter, defendant Bryant cannot take advantage of them.

■ Defendant also contends that the conviction cannot stand because the sole alleged co-conspirator was a confessed criminal, whose testimony was uncorroborated; that the defendant proved his good reputation without any contrary evidence being offered by the prosecution. Defendant cites *People v. Friedman,* 383 Ill. 193. In the *Friedman* case there was absolutely no corroboration of the testimony of the alleged co-conspirator. In the present case there was ample corroboration in that four deputy sheriffs of Sangamon county testified to facts which corroborated the testimony of Brust.

■ Instruction number four dealing with circumstantial evidence was given by the trial court. Defendant claims that this was error because there was no circumstantial evidence. We believe that there was circumstantial evidence of an unlawful agreement between the conspirators which justified the giving of the instruction.

The jury saw and heard the witnesses. Defendant was represented by experienced and able counsel. De-

95

fendant took the witness stand and denied the facts testified to by the witnesses for the prosecution. The question of the defendant's guilt or innocence was one for the jury.

The judgment of the circuit court of Sangamon county is affirmed.

*Judgment affirmed.*