**UNITED STATES of America**

v.

**Gilbert D. KORITAN a/k/a Gilbert Goldberg, Paul Lee Adams and Wallace Trusty.**

**Cr. No. 20019.**

United States District Court
E. D. Pennsylvania.

March 29, 1960.

Walter E. Alessandroni, U. S. Atty., James P. Dornberger, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

George, Gershenfeld, Philadelphia, Pa., for defendant Wallace Trusty.

Nathan Berlant, Philadelphia, Pa., for defendant Paul Lee Adams.

CLARY, District Judge.

Gilbert D. Koritan (also known as Gilbert Goldberg), Paul Lee Adams and Wallace Trusty were indicted as of the above number, charged in Count I with conspiracy and in Counts II to VII inclusive with substantive offenses in connection with false statements made to the Veterans Administration for the purpose of securing an Insured Loan. Koritan pleaded guilty to two substantive counts of causing false statements to be submitted to the Veterans Administration in connection with the transaction involved, and pleaded not guilty to the conspiracy count and the remaining substantive counts.

The United States Attorney listed the case for trial only as to Paul Lee Adams and Wallace Trusty, both represented by the same counsel, George Gershenfeld, Esquire. When the case was called for trial, a jury trial was waived. The Court proceeded to hear the case. In the midst of the testimony by the final government witness, being number fifteen in its list of witnesses, Mr. Gershenfeld advised the Court that he could not properly continue since there was an evident conflict of interest between his clients. The Court granted the motion to terminate the trial after both defendants, on the record, waived any possible defense of double jeopardy and requested the Court to start anew.

At the request of the Court, Nathan Berlant, Esquire, who had previously appeared in the case for both defendants and had been allowed on petition to withdraw, agreed to represent Paul Lee Adams with the complete approval of Wallace Trusty, the second defendant.

The Court then proceeded again to hear the case and at the conclusion of the trial found Trusty guilty on Counts I, II, V and VI, and not guilty on Counts III, IV and VII. The Court found Paul Lee Adams not guilty on Counts I, III, IV, V, VI, and VII, and reserved decision as to count II.[1]

■ Wallace Trusty has now moved for a new trial, basing his motion primarily on two alleged errors. Agent Scoville of the Federal Bureau of Investigation when testifying about an interview with Trusty used a typewritten memorandum which he had dictated from rough notes on February 4, 1959, the day of the interview. These notes had been transcribed on February 16, 1959, returned to Agent Scoville, who checked them for their accuracy and then placed them in his file. The defendant argues that it was error for the Court to permit him to use them, citing United States v. Riccardi, 3 Cir., 1949, 174 F.2d 883. Since the holding in the Riccardi case does not support his theory and we are satisfied that their use under the circumstances was not improper, this objection will be dismissed.

The second important reason assigned is that Trusty cannot be found guilty of the crime of conspiracy, since Adams was acquitted on that Count and Koritan was not tried: particularly since the Government made no motion for a severance. A brief résumé of the facts is necessary to place this objection in proper focus. The facts adduced and as found by the Court are as follows: Koritan, who traded as Sun Realty Company, bought a house for $3,800. He attempted to find a G.I. interested in purchasing the property and in this regard talked to Trusty, a real estate salesman. Trusty produced Adams, an honorably discharged veteran. A certificate of valuation in the amount of $7,000 was secured from the Veterans Administration. The loan was to be processed by the Walnut Street Federal Savings & Loan Association. Koritan testified for the Government. He stated that when Trusty informed him Adams had no money for a down payment he agreed to waive the down payment and give Adams credit for a down payment of $550, which was never intended to be paid, although the Veterans Administration was to be informed that it had been paid.

1. Concurrent with this Opinion and Order, the Court has entered a Judgment of Acquittal as to Count II of the Indictment against defendant Paul Lee Adams.

It was also necessary to secure verification of employment and wages for Adams. Trusty either wrote or typed up all of these verifications which eventually ended up in the Veterans Administration as part of the application for the loan, after Trusty had personally delivered them to the Walnut Street Federal Savings & Loan Association. They were completely false. Adams never averaged more than $50 a week, while the verifications indicated that he earned $75 a week at a steady job plus $40 a week at a part-time job. Trusty testified that Koritan had told him to submit these statements. Eventually the loan was made by the West Philadelphia Federal Savings & Loan Association after the assignment of the letter of commitment to it by the Walnut Street Federal Savings & Loan Association. At the settlement both Koritan and Adams certified to the correctness of the figures on the settlement sheet and the West Philadelphia Federal Savings & Loan Association certified that document, together with its disbursement of loan, to the Veterans Administration.

Adams never received a penny. It was evident to the Court that Adams was completely naïve and understood little, if anything, of what was going on. Trusty, who told Adams he would take care of everything, was supposed to collect rents and make the mortgage payments. None were ever made, although he did collect some rents. Foreclosure followed with a resulting loss to the Government in excess of $4,000.

From all of the testimony adduced at trial, it is clear that Koritan and Trusty, together, intended to and did defraud the United States and they worked together to accomplish this end. Koritan made his profit and Trusty received from Koritan his cut of $425 which had been promised him. There is no doubt that the evidence overwhelmingly established that Trusty was guilty both of conspiracy and of causing the Walnut Street Federal Savings & Loan Association and the West Philadelphia Federal Savings and Loan Association to certify false information to the Veterans Administration as the basis of the loan.

Defendant Trusty's attorney now advances the somewhat nebulous theory, unsupported by any cited case, that since Koritan was not tried on the charge of conspiracy and there was no formal severance that Trusty cannot be convicted on the crime of conspiracy. He bases his proposition on the fact that where two people only are charged with the offense of conspiracy, an acquittal of one necessarily requires the acquittal of the other. While agreeing to that stated proposition of law, it does not have bearing upon the facts of this case. In a similar situation in People v. Bryant, 1950, 342 Ill.App. 90, 95 N.E.2d 620, affirmed 409 Ill. 467, 100 N.E.2d 598, the Illinois court held that where two persons are charged with conspiracy and only one is tried and the other defendant's case is undisposed of, the remaining defendant cannot take advantage of any rights of his codefendant in the matter. The conviction of the individual defendant was sustained. See also Vannata v. United States, 2 Cir., 1923, 289 F. 424, which held that one conspirator may be singly indicted and convicted, if it appears the basis of a charge remains against a plurality which includes the accused. See also West v. United States, 5 Cir., 1947, 161 F.2d 452; Bryant v. United States, 5 Cir., 1941, 120 F.2d 483.

In view of what has been said above and in the absence of any objection on the part of Trusty (either at the original trial or the retrial) against proceeding to trial without the formal severance being made, it would appear that his objection is without merit. Trusty's counsel had not one but two opportunities to raise this question and failed to do so. Any error, if error it was, was waived by his counsel, an experienced practitioner in the Federal courts. The motion for a new trial is denied.