## City of Cairo for use of Harvey Robinson, Appellant, v. William T. Sheehan et al., Appellees.

1. PLEADING—*surplusage.* Facts necessary to a cause of complaint or ground of defense must be stated in the pleading, and all in addition is surplusage.

2. PLEADING—*anticipating defenses.* A declaration which establishes a *prima facie* case is sufficient and it is unnecessary to anticipate and remove every answer which may exist or be opposed to it.

3. OFFICIAL BONDS—*pleading.* A declaration in debt on a police constable's bond, for assault while acting as such officer, need not aver an ordinance creating the office, nor for what violation of law the plaintiff was arrested, nor whether the officer had a warrant, or was acting under the color of his office, or arrested on view, nor the existence of an ordinance requiring police constables to give bonds, such are matters of defense.

4. OFFICIAL BONDS—*police constables.* Though a statute providing for police constable bonds does not provide that they shall be given for the benefit of third persons, such officers are liable on such bonds to third persons for unlawful acts towards them.

5. OFFICIAL BONDS—*declarations.* A declaration in debt on a police constable's bond sufficiently avers that the acts complained of were committed by virtue of the office and while engaged in the

performance of its duties where it is charged that the wrongs were committed while he was acting as such constable and while the plaintiff was in his custody.

6. OFFICIAL BONDS—*police constables.* Where a police officer gives a bond to the city for the faithful performance of his duties, the condition will be construed for the benefit of third persons assaulted by the officer while making arrests, or while they are under arrest, since the city is not interested in such malfeasance and is not liable therefor.

7. OFFICIAL BONDS—*pleading.* A declaration in debt on a police constable's bond states a cause of action where it avers the appointment to an office provided for by law, the execution of the bond and its approval, an unlawful assault while acting as such officer, and consequent damage.

Action in debt. Appeal from the Circuit Court of Alexander county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded with directions. Opinion filed June 5, 1912.

C. S. MILLER and CHARLES L. RICE, for appellant.

ANGUS LEEK and M. J. O'SHEA, for appellees.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Appellant's declaration in debt charged in substance that appellees on May 2, 1911, executed their writing obligatory in the penal sum of one thousand dollars reciting therein that said writing was subject to the condition that appellee Sheehan had been appointed by the mayor of the City of Cairo police constable of said city; that if said Sheehan should well and faithfully perform the duties enjoined on him as such police constable and pay over all moneys that might come into his hands by virtue of his office and well and truly observe all ordinances of the said city, then said writing obligatory should be void, otherwise to remain in full force. It was further charged that said writing was duly approved by the finance committee of the city council and approved by the city clerk and that thereupon said writing became the official bond of said

Sheehan and he qualified by taking the oaths prescribed by law and took upon himself the performance of the duties of police constable and so continued.

It was further averred that said Sheehan did not well and faithfully perform his said duties as such police constable and as a breach of the condition of said bond it was charged, that while acting as such police constable he wrongfully assaulted, struck and beat the plaintiff Harvey Robinson, arrested him without reasonable cause and while so under arrest and in his custody the said Sheehan struck and beat him and imprisoned and detained him without reasonable cause, to his damage of one thousand dollars.

A copy of the bond signed and sealed by appellees is attached to the declaration and made part thereof.

Appellees filed a general demurrer which being sustained by the court appellant elected to stand by the declaration, whereupon the court rendered judgment against appellant for costs, and he prosecutes this appeal.

The error assigned is the action of the court in sustaining the demurrer, and in rendering a judgment against plaintiff for costs.

It is first insisted in appellees' argument that the declaration fails to state any cause of action for the reason it fails to set out any ordinance showing the city council ever created any such office as police constable; that it fails to show whether appellant Robinson was arrested for a violation of a city ordinance, or of a law of the state, or was arrested on view while committing such violation, or whether the constable had a warrant for his arrest; that no facts are stated from which it appeared the constable was acting in the color of his office; and that there is no averment there was any ordinance requiring police constables of the city to give bonds.

It is an elementary rule of pleading that whatever facts are necessary to constitute the cause of com-

plaint or ground of defense must be stated in the pleading and all beyond is surplusage. If the declaration establishes a *prima facie* case it is sufficient, and it is not necessary the pleader should anticipate and remove every objection or answer which may exist and with which he may be opposed. (Chit. on Pl. Vol. 1, 222.)

"It is a general rule of pleading that matter which should come more properly from the other side need not be stated." (*Ibid.*)

It is not necessary the declaration should aver an ordinance of the council creating the office of police constable nor for what violation of law appellant was arrested, or whether the constable had a warrant, or was acting in color of his office, or arrested on view or that there was any ordinance requiring police constables to give bonds. All these matters, if defenses, (which is not now determined) were matters of defense to be interposed by plea.

It is also contended by appellees that as the statute requiring a bond to be given by a police constable does not provide the bond shall be given for the use and benefit of a third person, no recovery can be had, and this question is proper to be determined on the demurrer. The section of the statute requiring such bonds is Sec. 25 of Chap. 24 Hurd's Statutes, which after providing for the oath, provides: That "All such officers * * * shall before entering upon the duties of their respective offices execute a bond with security to be approved by the city council * * * in such penal sum as may, by resolution or ordinance be directed, conditioned for the faithful performance of the duties of the office and the payment of all moneys received by such officer according to law and the ordinances of said village." It will be observed the above statute does not expressly provide that the bond shall be for the benefit of third persons, and in the absence of such provision it is earnestly insisted the

bond is not for the benefit of third persons who may be injured by the act or misconduct of the police constable. Some statutes providing for the execution of official bonds expressly provide they shall be for the benefit of all persons aggrieved by the official acts of the officer, and where there is such provision no such question can arise, but where such express provision is absent the authorities are not in harmony upon the question of liability. In U. S. Fidelity & Guaranty Co. v. Jasper, 56 Tex. Civ. App. 236, it was held that in the absence of an ordinance authorizing suits upon official bonds by persons injured by the unlawful acts of policemen, and the bond being given to secure the faithful and impartial discharge of the officers' duties, no liability arose for the unlawful acts of the officer to third persons. This case is in point, but the weight of authority and the better reasoning is to the contrary. One of the conditions of the bond here is that the principal shall well and faithfully perform the duties enjoined on him as such police constable. It is charged in the declaration that while acting as such constable he committed the wrongs complained of while appellant was in his custody as such constable, and under arrest. This is a sufficient averment that he committed the wrongs by virtue of his office and while engaged in the performance of its duties. His duties as police constable were to conserve the peace and to arrest with or without process all persons who broke the peace, or who were found violating any ordinance or criminal law, and if necessary detain such persons in custody over night or Sunday until they could be brought before the magistrate. (Sec. 84, Chap. 23, Art. 6, Rev. Stat.)

If while making an arrest or while a prisoner is in his custody as such policeman, he unlawfully assaults him that would be a breach of the condition that he should well and faithfully perform his duties. It is difficult to understand for whose benefit the condition was made if not for those whom he might unlawfully

assault while being arrested or while under arrest. The obligee city would have no interest in such malfeasance of the officer and would not be liable therefor. Board of Trustees v. Schroeder, 58 Ill. 353. "The object of requiring official bonds is to obtain indemnity against the use of an official position for wrongful acts done under color of office." Campbell v. People, 154 Ill. 601. In Murfree on Official Bonds, Sec. 323, it is said: "It is usually provided in statutes authorizing official bonds to be required of state, county and municipal officers, that suits may be brought upon them in the name of the official obligee 'upon the relation' or 'to the use' of the party injured by the breach of the bond, or interested in its enforcement. Whenever however this express provision is omitted in the statute itself, the deficiency is supplied by the construction given to such statutes by the courts whenever a proper case for such ruling is presented." It is further said by the same author that "such bonds are designed to secure the faithful performance of official duties, in the discharge of which individuals and corporations have a deep interest and therefore they should have the privilege of suing such bonds for injuries sustained by them through the negligence and malconduct of the officers." See also City of East St. Louis v. Flannigan, 26 Ill. App. 464. Howard v. U. S., 184 U. S. 676; Stephenson v. Monmouth Min. & Mfg. Co., 84 Fed. 114, 28 C. C. A. 292. The reasoning of the court in Campbell v. People, 154 Ill. *supra,* and in Greenberg v. People, 225 Ill. 174, is to the like effect.

The declaration in this case averred the appointment of Sheehan to an office provided for by law; the execution of the bond and its approval; the unlawful assault while acting as such officer and the consequent damages. The declaration stated a cause of action and the court erred in sustaining the demurrer.

The judgment is reversed and the cause remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*