# Illinois Official Reports

## Supreme Court

---

### *Bueker v. Madison County*, 2016 IL 120024

---

| | |
|---|---|
| Caption in Supreme Court: | SCOTT BUEKER *et al.*, Appellants, v. MADISON COUNTY, ILLINOIS, *et al.* (RLI Insurance Company, Appellee). |
| Docket No. | 120024 |
| Filed | December 1, 2016 |
| Decision Under Review | Appeal from the Appellate Court for the Fifth District; heard in that court on appeal from the Circuit Court of Madison County, the Hon. Dennis Middendorff, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Steven Giacoletto, of Giacoletto Law Office, P.C., of Collinsville, and Aaron G. Weishaar, of Reinert Weishaar & Associates, P.C., and Nelson L. Mitton, Charles S. Kramer, and Paul A. Grote, of Riezman Berger, P.C., both of St. Louis, Missouri, for appellants. |
| | Ralph J. Kooy and Thomas G. Drennan, of Dinsmore & Shohl LLP, and J. Timothy Eaton and Jonathan B. Amarilio, of Taft Stettinius & Hollister LLP, both of Chicago, for appellee RLI Insurance Company. |
| | Randall I. Marmor and Ji Suh, of Gordon & Rees Scully Mansukhani LLP, of Chicago, for *amicus curiae* Surety and Fidelity Association of America. |

Matthew D. Elster and Kyle A. Cooper, of Beermann Pritikin Mirabelli Swerdlove LLP, of Chicago, and Matthew R. Trapp and Jason E. Brokaw, of Giffin Winning Cohen & Bodewes, P.C., of Springfield, for *amici curiae* Illinois County Treasurers' Association *et al.*

Justices

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Justices Freeman, Thomas, Garman, Burke, and Theis concurred in the judgment and opinion.

Chief Justice Karmeier took no part.

**OPINION**

¶ 1     The issue in this appeal is whether plaintiffs, as private citizens, are proper claimants on a statutorily mandated, public official bond issued by RLI Insurance Company (RLI), as surety, to the Madison County Treasurer and Collector under section 3-10003 of the Counties Code (55 ILCS 5/3-10003 (West 2014)) and section 19-40 of the Property Tax Code (35 ILCS 200/19-40 (West 2014)). The circuit court of Madison County granted RLI's motion to dismiss a portion of plaintiffs' class action complaint involving plaintiffs' claim against RLI, pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2014)). The circuit court determined that plaintiffs were not proper parties to seek redress directly against the public official bond, and the appellate court affirmed (2015 IL App (5th) 140473-U). We agree and hold that plaintiffs, as private citizens, are precluded from making claims on the statutorily mandated, public official bond at issue in this case. We therefore affirm the judgments of the appellate court and the circuit court of Madison County dismissing plaintiffs' claim against RLI.

¶ 2                                      BACKGROUND
¶ 3     Plaintiffs brought this action in their own interest and on behalf of a purported class of similarly situated persons to recover damages resulting from an alleged scheme to inflate the interest rate delinquent property taxpayers in Madison County, Illinois, were compelled to pay to those who purchased delinquent taxpayer debt. The alleged conspiracy scheme was perpetrated by the former Madison County Treasurer and Collector, Fred Bathon, who purportedly agreed with certain defendants to manipulate the delinquent tax purchasing system. The result of this scheme was that taxpayers who were delinquent in paying their Madison County real estate taxes were required to pay the maximum allowable interest to the purchasers of their tax debt to discharge the liens and redeem their real estate properties. The purchasers of the tax debt, in turn, allegedly provided financial support to Bathon.

¶ 4     Plaintiffs brought suit against those involved in the scheme, as well as Madison County. Plaintiffs also brought suit directly against defendant, RLI, the entity acting as surety on

Bathon's statutory public official bond required as the Madison County Treasurer and Collector. See 55 ILCS 5/3-10003 (West 2014) (stating the bond form requirements for the county treasurer); 35 ILCS 200/19-40 (West 2014) (stating the bond form requirements for the county collector). The bond named Bathon, the elected "County Treasurer/County Collector," as the bonded principal and "Madison County Government" as the named obligee. The bond issued by RLI specifically stated:

"KNOW ALL MEN BY THESE PRESENTS:

That we, Fred Bathon, as Principal, and RLI Insurance Company, a corporation duly licensed to do business in the State of Illinois, as Surety, are held and firmly bound unto the Madison County Government in the penal sum of One Million Dollars ($1,000,000) to the payment of which sum, well and truly to be made, we jointly and severally bind ourselves and our legal representatives firmly by these presents."

¶ 5    RLI moved to dismiss plaintiffs' claim against it pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2014)). RLI argued that plaintiffs are not proper claimants under the terms of the public official bond or under the statutes that require its procurement. The circuit court granted RLI's motion to dismiss with prejudice and entered an order pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010), finding no just reason to delay enforcement or appeal. The appellate court affirmed. 2015 IL App (5th) 140473-U. This court allowed plaintiffs' petition for leave to appeal pursuant to Illinois Supreme Court Rule 315 (eff. Jan. 1, 2015).

¶ 6                                                          ANALYSIS

¶ 7    Plaintiffs' claim against RLI was dismissed pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2014)). A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on its face. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). Our review of an order granting or denying a section 2-615 motion to dismiss is *de novo*. *Marshall*, 222 Ill. 2d at 429. "In reviewing the sufficiency of a complaint, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts." *Marshall*, 222 Ill. 2d at 429. The allegations of the complaint will be construed in the light most favorable to the plaintiff, and a cause of action should not be dismissed "unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Marshall*, 222 Ill. 2d at 429.

¶ 8    Here, the circuit court dismissed plaintiffs' claim against RLI, holding that the plaintiffs were not proper claimants under the public official bond. As the appellate court aptly noted, the issue in this case is not whether RLI will ultimately be liable under the public official bond. Rather, the issue is whether plaintiffs have standing to pursue RLI directly under the bond.

¶ 9    Public official bonds are instruments "by which a public officer and a secondary obligor undertake to pay up to a fixed sum of money if the public officer does not faithfully discharge the duties of his or her office." Restatement (Third) of Suretyship and Guaranty § 71 cmt. c (1996). Illinois statutes require county treasurers and county collectors to execute public official bonds before taking office. 55 ILCS 5/3-10003 (West 2014); 35 ILCS 200/19-40 (West 2014). The statutory public official bond issued by RLI was a "dual-position" bond, meaning that it related to Bathon's positions as both county treasurer and county collector.

¶ 10    The proper claimant on a statutory public official bond is the named obligee, unless the legislature has expressed in the statutory language its intent to allow others to sue directly on the bond. See *United States ex rel. Midland Loan Finance Co. v. National Surety Corp.*, 309 U.S. 165 (1940); see also 63C Am. Jur. 2d *Public Officers and Employees* § 484 (2016) (private actions may be maintained on public official bonds when the governing statute expressly provides for private claims or when legislative intent to allow such claims is otherwise demonstrated).

¶ 11    In *Midland Loan Finance Co.*, the Supreme Court, in holding that a private citizen did not have standing to sue for damages on a public official bond, wrote:

"Whether as a matter of right a third party may sue on the instrument for loss covered by an official bond running only to the statutory obligee depends upon the intention of the legislative body which required the bond. This intention may be evidenced by express statutory language or by implication." *Midland Loan Finance Co.*, 309 U.S. at 170.

¶ 12    The Supreme Court further explained in *Midland Loan Finance Co.*:

"Such official bonds are often part of a general statutory plan for the operation of governmental activities. While all the activities of a government of course confer benefits on its citizens, frequently the benefits are incidental and unenforceable. In the case of an official bond, even if its benefits are not incidental, it may well be that the legislative body is of the opinion that actions on the bond should be limited to the government in order to secure unified administration of claims." *Midland Loan Finance Co.*, 309 U.S. at 170-71.

¶ 13    In this case, the survival of plaintiffs' claim against RLI depends entirely upon whether private citizens are proper claimants on public official bonds issued as required by section 3-10003 of the Counties Code (55 ILCS 5/3-10003 (West 2014)) and section 19-40 of the Property Tax Code (35 ILCS 200/19-40 (West 2014)). The issue in this appeal thus requires us to engage in statutory construction. The construction of a statute is a question of law that we also review *de novo*. *People ex rel. Birkett v. City of Chicago*, 202 Ill. 2d 36, 46 (2002). The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 13. "The most reliable indicator of legislative intent is the statutory language, given its plain and ordinary meaning." *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 21. "A reasonable construction must be given to each word, clause, and sentence of a statute, and no term should be rendered superfluous." *1010 Lake Shore Ass'n*, 2015 IL 118372, ¶ 21.

¶ 14    We begin by reviewing the relevant provisions of the Counties Code and the Property Tax Code. Section 3-10003 of the Counties Code provides the form of the county treasurer's bond:

"We, (A.B.), principal, and (C.D. and E.F.), sureties, all of the county of … and State of Illinois, are obligated to *the People of the State of Illinois* in the penal sum of $..., for the payment of which, we obligate ourselves, each of us, our heirs, executors and administrators, successors and assigns." (Emphasis added.) 55 ILCS 5/3-10003 (West 2014).

¶ 15    Section 19-40 of the Property Tax Code, in turn, provides the relevant form of the county collector's bond:

"Know All Men by These Presents, that we, A. B. collector, and C. D. and E. F. securities, all of the county of … and State of Illinois, are held and firmly bound unto *the People of the State of Illinois*, in the penal sum of … dollars, for the payment of which, well and truly to be made, we bind ourselves, each of us, our heirs, executors and administrators, successors and assigns, firmly by these presents." (Emphasis added.) 35 ILCS 200/19-40 (West 2014).

¶ 16    Section 3-10003 of the Counties Code and section 19-40 of the Property Tax Code require the covered public official to be the named principal and "*the People of the State of Illinois*" to be the named obligee. We note that the bond at issue in this case erroneously names "Madison County Government" as the obligee instead of "the People of the State of Illinois," as prescribed by the statutes requiring the bond. Nevertheless, the judicial construction of a bond "must be with reference to the provisions of the pertinent bond statute regardless of the actual condition of the bond." *Rosewood Corp. v. Transamerica Insurance Co.*, 57 Ill. 2d 247, 254 (1974). Accordingly, "[t]he omitted provision will be considered to be a part of the bond whether or not it is physically incorporated therein." *Rosewood Corp.*, 57 Ill. 2d at 254. The parties agree that the proper named obligee under section 3-10003 of the Counties Code and section 19-40 of the Property Tax Code is "the People of the State of Illinois" and that, by operation of law, "the People of the State of Illinois" as the named obligee must be read into the bond instrument.

¶ 17    "The People of the State of Illinois" refers to the body politic. See *People v. Snyder*, 279 Ill. 435, 440 (1917). This court has defined the term "body politic" as " '[a] group of people regarded in a political (rather than private) sense and organized under a single governmental authority.' " *Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago*, 213 Ill. 2d 1, 8 (2004) (quoting Black's Law Dictionary 167 (7th ed. 1999)). We find nothing, either expressly or by implication, in section 3-10003 of the Counties Code or section 19-40 of the Property Tax Code indicating a legislative intent that private citizens may sue for damages on the public official bond running only to "the People of the State of Illinois" as obligee. Accordingly, we hold that, under the plain language of section 3-10003 of the Counties Code and section 19-40 of the Property Tax Code, plaintiffs are not proper claimants against the statutory public official bond required for county collectors and treasurers.

¶ 18    Plaintiffs rely on *Governor of the State of Illinois v. Dodd*, 81 Ill. 162 (1876), in support of their argument that private citizens harmed by a public official's wrongdoing may bring an action directly on the public official bond. We find *Dodd* inapposite, however, because *Dodd* was decided under the bond statute for county clerks, not the bond statute for county treasurers and county collectors. *Dodd* also does not appear to be an action by private citizens directly against a bond. *Dodd* involved a claim brought in the name of the obligee, the Governor of the State of Illinois, who sued "for the use of" Barr, Johnson & Co. against the clerk of the court of Ford County. An examination of the history of the statutory bonding provisions for circuit court clerks in Illinois shows that in 1845 the legislature enacted a statutory provision that provided, in relevant part: "The clerk of each circuit court shall, at the first term of the said court held in his county after he shall be appointed, enter into bond to the *governor of the State*, and to his successors in office ***." (Emphasis added.) Ill. Rev. Stat. 1845, ch. 29, § 34. In 1849, the statutory provision mandating bonds for circuit court clerks provided that the clerk:

"[S]hall also enter into bond, with good and sufficient securities to be approved by said court, in the sum of three thousand dollars, payable to *the people of the state of Illinois, for the use of any person injured—or the county, if injured* \*\*\*." (Emphasis added.) 1849 Ill. Laws 63 (§ 8).

Thus, in the period from 1845 to 1849, the proper named bond obligee under the applicable statute was the "governor of the State." After 1849, and at the time of the *Dodd* decision in 1876, the proper named bond obligee was "the people of the state of Illinois, for the use of any person injured—or the county, if injured."

¶ 19    Importantly, *Dodd* did not discuss or address a private citizen's standing to make a claim directly against a public official bond. In *Dodd*, the case was brought in the name of the Governor of the State of Illinois who sues "for the use of Barr, Johnson & Co."[1] In other words, the cause of action was brought in the name of the Governor for the benefit of Barr, Johnson & Co. as "use plaintiffs." See Black's Law Dictionary 1683 (9th ed. 2009) (defining "use plaintiff" in a common-law pleading: "A plaintiff for whom an action is brought in another's name. \*\*\* 'B for the Use of A against C.' "). *Dodd* simply does not support plaintiffs' argument that Illinois common law allows private citizens to make direct claims on public official bonds for their own use and benefit.

¶ 20    Plaintiffs maintain that *Dodd* was recently cited by this court in *Cowper v. Nyberg*, 2015 IL 117811, and remains good law. In *Cowper*, this court cited *Dodd* in recognizing "that court clerks may be held liable for breaches of ministerial duties." *Cowper*, 2015 IL 117811, ¶ 15. *Cowper* did not, however, involve or examine a private citizen's standing to bring a claim directly against a statutorily mandated public official bond and, therefore, does not support plaintiffs' argument that private citizens may make direct claims on public official bonds for their own use and benefit.

¶ 21    Plaintiffs also mistakenly rely on *People v. Harper*, 91 Ill. 357 (1878), to support their argument that private citizens may bring claims directly against public official bonds. As *Harper* clearly indicates, the cause of action was brought by the Cook County State's Attorney and the Attorney General of Illinois in the name of "The people of the State of Illinois," a body politic. The claim in *Harper* was not brought by private citizens for their own use and benefit and, therefore, does not support plaintiffs' argument that Illinois common law has long granted any aggrieved person standing to sue on public official bonds regardless of the language of the relevant bond statute.

¶ 22    The other cases relied upon by plaintiffs are unavailing for the same reasons. See *People ex rel. Bothman v. Brown*, 194 Ill. App. 246 (4th Dist. 1915) (suit brought by "The People of the State of Illinois for use of Mary Bothman"); *City of Cairo ex rel. Robinson v. Sheehan*, 173 Ill. App. 464 (4th Dist. 1912) (suit brought in the name of the "City of Cairo for use of Harvey Robinson"); *City of East St. Louis v. Flannigan*, 26 Ill. App. 449 (1887) (suit brought by "City of East St. Louis, for use of Griswold"). These cases involved body politic obligees bringing suit on bonds "for the use" of injured parties and did not involve private citizens bringing claims for their own use and benefit.

---

[1] It appears that, pursuant to the statute in effect at the time, *Dodd* should have been brought in the name of "the people of the state of Illinois" for the use of Barr, Johnson & Co., but that error was not addressed in the opinion and is not relevant here.

¶ 23     Similarly, *Apperson v. Hartford Accident & Indemnity Co.*, 322 Ill. App. 485 (3rd Dist. 1944), involved a claim brought by the "People of the City of Champaign, Illinois, for the use of Apperson." Additionally, *Apperson* did not involve a public official bond. Rather, *Apperson* involved a liquor license bond required by municipal ordinance, naming the city of Champaign as the obligee. Thus, *Apperson* is not relevant to the issue in this case.

¶ 24     The legislature clearly knows how to include language allowing private citizens to bring claims directly for their own use and benefit. For example, section 20-155 of the county collector's bond statute specifically provides that "persons aggrieved, may prosecute suit against any collector *** by suit upon the bond, in the name of the People of the State of Illinois, for their use," but only when the collector's breach involves the failure to make the reports and payments required by the Property Tax Code. 35 ILCS 200/20-155 (West 2014). The legislature therefore carefully circumscribes the instances when parties other than the People of the State of Illinois, a body politic, may bring direct actions on statutory official bonds. Here, the statute makes no provision for the type of claim that plaintiffs attempt to bring against the public official bond. We therefore determine that, under the plain language of section 3-10003 of the Counties Code and section 19-40 of the Property Tax Code, plaintiffs are not proper claimants against the statutory public official bond required for county collectors and treasurers.

¶ 25                                    CONCLUSION

¶ 26     We hold that plaintiffs, as private citizens, are precluded from making claims on the statutorily mandated public official bond under section 3-10003 of the Counties Code (55 ILCS 5/3-10003 (West 2014)) and section 19-40 of the Property Tax Code (35 ILCS 200/19-40 (West 2014)). We therefore affirm the judgments of the appellate court and the circuit court of Madison County dismissing plaintiffs' claim against RLI.

¶ 27     Affirmed.