# Illinois Official Reports

## Appellate Court

*Messmore v. Silvis Operations, LLC*, 2018 IL App (3d) 170708

| | |
|---|---|
| Appellate Court Caption | MERTON MESSMORE, as Personal Representative of the Estate of Mary Messmore, Deceased, Plaintiff-Appellee, v. SILVIS OPERATIONS, LLC, a Foreign Limited Liability Company, d/b/a Lighthouse at Silvis, d/b/a Lighthouse of Silvis, Illinois, and CYNTHIA McCOY, Individually, Defendants-Appellants. |
| District & No. | Third District<br>Docket No. 3-17-0708 |
| Rule 23 order filed Motion to publish allowed Opinion filed | March 27, 2018<br><br>April 26, 2018<br>April 26, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Rock Island County, No. 15-L-150; the Hon. Kathleen Mesich, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded. |
| Counsel on Appeal | David M. Macksey, Lynn M. Reid, and Matthew P. D'Avanzo, of Johnson & Bell, Ltd., of Chicago, for appellants.<br><br>Thomas W. Dillon and Brian W. Irvin, of Konicek & Dillon, P.C., of Geneva, for appellee. |

Panel                                    JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Presiding Justice Carter and Justice Holdridge concurred in the judgment and opinion.

**OPINION**

¶ 1        As personal representative of his wife's estate, plaintiff, Merton Messmore, brought survival claims against defendants, Silvis Operations, LLC (Silvis), and Cynthia McCoy. Silvis owns and operates Lighthouse of Silvis, Illinois (Lighthouse), an assisted living facility where McCoy works as a nurse. In a previous appeal, a panel of this court recognized Silvis's contractual right to compel arbitration of plaintiff's survival claims. *Messmore v. Silvis Operations, LLC*, 2017 IL App (3d) 160740-U.

¶ 2        Plaintiff later filed an amended complaint that added a wrongful death claim against Silvis. The trial court denied Silvis's motion to stay the wrongful death proceedings pending arbitration of plaintiff's survival claims. Silvis now appeals pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2016). We reverse the trial court's judgment in part and remand for further proceedings consistent with this opinion.

¶ 3                                       BACKGROUND

¶ 4        Plaintiff filed his initial complaint on November 30, 2015. The complaint alleged that the decedent, Mary Messmore, moved into Lighthouse on November 5, 2014. Lighthouse employees noted that Mary suffered from "left-sided paralysis due to a recent stroke, degenerative joint disease, atrial fibrillation, hypertension, and was a fall risk." Mary sustained two falls during her residency. After Mary's second fall on December 1 or 2, 2014, Lighthouse employees found her with a "goose egg sized" hematoma on the left side of her forehead, facial bruising, and an abrasion on her left knee.

¶ 5        Lighthouse admitted Mary to Trinity Hospital on December 3. Doctors diagnosed her with a subdural hematoma and facial bruising. Trinity discharged her back to Lighthouse on December 5. Lighthouse discharged Mary on December 13. She died on January 8, 2015.

¶ 6        Both counts in the complaint alleged survival claims under the Probate Act of 1975 (Probate Act) (755 ILCS 5/27-6 (West 2014)). Plaintiff claimed that defendants provided negligent care and negligently supervised Mary. Their negligence "directly and proximately caused" Mary's injuries "and resulted in Mary experiencing injuries, pain, and suffering."

¶ 7        In May 2016, defendants moved to dismiss plaintiff's complaint. Defendants' motion sought to compel mandatory mediation and, if necessary, arbitration of plaintiff's survival claims pursuant to Lighthouse's resident agreement. On August 1, the trial court granted defendants' motion; the court denied plaintiff's motion to reconsider on November 2.

¶ 8        On November 14, plaintiff filed an amended complaint that added a wrongful death claim against Silvis. The amended complaint explicitly alleged "facts common to all counts" to support all three causes of action. The "facts common to all counts" substantially restated the facts alleged in plaintiff's initial complaint. The wrongful death claim adopted the survival claims' negligence allegations but alleged defendants' negligence proximately caused Mary's

- 2 -

death (rather than her injuries) and caused her "lineal next of kin" (rather than Mary) to suffer "a loss of companionship and society, grief, sorrow, and mental suffering."

¶ 9       On December 2, plaintiff filed an interlocutory appeal that challenged the trial court's order dismissing the survival claims and compelling arbitration. A panel of this court, with one judge dissenting, affirmed the order. *Messmore*, 2017 IL App (3d) 160740-U. Plaintiff filed a petition for leave to appeal to the supreme court.

¶ 10      While plaintiff's petition remained pending, he pursued discovery in the wrongful death case. Plaintiff's counsel served Silvis with notice of plaintiff's videotaped evidence deposition. When counsel sent the notice, the parties had not scheduled the arbitration date. Plaintiff is over 90 years old; counsel sought to secure plaintiff's testimony in case he became ill or died before the case concluded. Silvis ignored plaintiff's discovery requests and objected to taking his evidence deposition before the arbitration. On September 15, 2017, defendants filed a motion to stay the wrongful death proceedings pending resolution of the survival claims' arbitration. The court denied defendants' motion: "The Court does recognize all three claims are identical as laid out *** in the complaint. However, [the wrongful death claim] is not subject to arbitration. Therefore, Defendants' motion to stay that sole remaining claim will hereby be denied at this time." This appeal followed.

¶ 11                                    ANALYSIS
¶ 12                              I. Standard of Review
¶ 13      The parties dispute the standard of review. Normally, we review a trial court's ruling on a motion to stay for an abuse of discretion. *Aventine Renewable Energy, Inc. v. JP Morgan Securities, Inc.*, 406 Ill. App. 3d 757, 760 (2010). Silvis argues that the standard of review is *de novo* in cases where the parties do not dispute the facts and the trial court makes no findings in ruling on a motion to stay. A recent appellate court decision (*Hayes v. Victory Centre of Melrose Park SLF, Inc.*, 2017 IL App (1st) 162207, ¶ 11) supports Silvis's position.

¶ 14      We agree with defendants that our standard of review is *de novo* in this case but for a different reason. We decline to hold that we review stay rulings *de novo* in each case where the parties agree on the relevant facts and the trial court makes no findings. If the law does not compel a certain standard or outcome in the trial court, then no question of law exists on appeal.

¶ 15      This case presents a unique situation where plaintiff's survival claims are subject to arbitration, his wrongful death claim is not, and he bases all three claims on the same factual allegations. The parties dispute whether section 2(d) of the Uniform Arbitration Act (710 ILCS 5/2(d) (West 2016)) *required* the court to stay the wrongful death case proceedings as a matter of law. We must interpret section 2(d) to decide this case. Statutory construction presents a question of law subject to *de novo* review. *Bueker v. Madison County*, 2016 IL 120024, ¶ 13. Our standard of review is *de novo* in this case.

¶ 16                        II. Construction of Section 2(d)
¶ 17      The parties disagree as to whether section 2(d) of the Uniform Arbitration Act (710 ILCS 5/2(d) (West 2016)) applies in this case. Section 2(d) states:

         "(d) Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this

Section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay." *Id.*

¶ 18 Plaintiff argues that section 2(d) does not apply because no claims subject to arbitration remained pending in the trial court when defendants filed their September 2017 motion to stay. The trial court previously dismissed plaintiff's survival claims in its order to compel arbitration. The parties agree that plaintiff's wrongful death claim is not subject to arbitration. The trial court expressly relied on the wrongful death claim's arbitrability (or lack thereof) in denying the stay.

¶ 19 Silvis argues that section 2(d) applies; it required the trial court to stay *all* proceedings in the wrongful death case. Alternatively, Silvis claims that "policies favoring arbitration" and "the goals of judicial economy" favor staying the wrongful death case.

¶ 20 To ascertain and effectuate the legislature's intent in enacting section 2(d), we must consider the plain and ordinary meaning of its language. *Bueker*, 2016 IL 120024, ¶ 13. Section 2(d)'s language specifically addresses *issues* subject to arbitration, not claims. "An action involving an issue subject to arbitration shall be stayed with respect to that issue if arbitration has been ordered." *Contract Development Corp. v. Beck*, 210 Ill. App. 3d 677, 679 (1991). The statute plainly states that trial courts *must* stay issues subject to arbitration and *may* stay severable issues. *Casablanca Trax, Inc. v. Trax Records, Inc.*, 383 Ill. App. 3d 183, 189 (2008).

¶ 21 We hold that section 2(d) unambiguously requires the trial court to stay all issues subject to the survival claims' arbitration. Otherwise, plaintiff could circumvent the contractual arbitration agreement. The remaining question is whether plaintiff's wrongful death case includes issues subject to the survival claims' arbitration.

¶ 22 III. Application of Section 2(d)

¶ 23 Under section 2(d), the trial court may, in its discretion, "stay the entire proceeding pending arbitration, or, if the [arbitrable] issue is severable, the stay may be granted with respect to that issue only." *Board of Managers of the Courtyards at the Woodlands Condominium Ass'n v. IKO Chicago, Inc.*, 183 Ill. 2d 66, 74-75 (1998). As a corollary, the trial court *must* stay issues that are not severable from those pending arbitration. Here, each cause of action relies on the same factual allegations. However, wrongful death and survival actions require plaintiffs to prove different elements.

¶ 24 Section 27-6 of the Probate Act (Survival Act) allows decedents' representatives to maintain statutory or common law actions that accrue before the decedent's death. See 755 ILCS 5/27-6 (West 2014); *Advincula v. United Blood Services*, 176 Ill. 2d 1, 42 (1996). Plaintiff's survival claims maintain Mary's pre-death negligence claims. Plaintiff must prove the traditional negligence elements—that defendants breached their duty of care and that their negligence proximately caused Mary's injuries during her life. The available damages compensate Mary's injuries (*i.e.*, medical bills and conscious pain and suffering). See *Murphy v. Martin Oil Co.*, 56 Ill. 2d 423, 431 (1974); *Ellig v. Delnor Community Hospital*, 237 Ill. App. 3d 396, 401 (1992).

¶ 25 Wrongful death claims accrue when the decedent's death is "caused by wrongful act, neglect or default" that subjects the acting party to liability. 740 ILCS 180/1 (West 2014).

Although wrongful death claims incorporate negligence law (see *Williams v. Manchester*, 228 Ill. 2d 404, 421-22 (2008); *Welch v. Davis*, 410 Ill. 130, 132 (1951)), they differ from survival claims in two ways: (1) the proximate cause element addresses the cause of the decedent's death, rather than the decedent's pre-death injuries (*Chambers v. Rush-Presbyterian-St. Luke's Medical Center*, 155 Ill. App. 3d 458, 464-65 (1987)) and (2) the available damages compensate the surviving spouse and next of kin's pecuniary losses sustained due to the decedent's death (740 ILCS 180/2 (West 2014); *Glenn v. Johnson*, 198 Ill. 2d 575, 583 (2002)).

¶ 26 Plaintiff's amended complaint alleges that the same negligent conduct caused Mary's injuries and her death. To prevail on any of his claims, plaintiff must prove that defendants' conduct breached their duty of care to Mary. This issue is not severable. Section 2(d) of the Uniform Arbitration Act (710 ILCS 5/2(d) (West 2016)) therefore requires the trial court to stay any proceedings regarding defendants' negligence in plaintiff's wrongful death case, pending the result of the survival claims' arbitration. This requirement also means that plaintiff's wrongful death case may not proceed to trial before the survival claims' arbitration concludes; neither the court nor the jury can decide the case without considering the negligence element.

¶ 27 Although the trial court must stay proceedings regarding defendants' negligence in plaintiff's wrongful death case, proximate cause and damages issues are severable from the issues pending arbitration. The trial court may exercise its sound discretion in determining whether to stay these severable issues. See *IKO Chicago, Inc.*, 183 Ill. 2d at 74-75. We do not find that the trial court abused its discretion by declining to stay these issues. Due to plaintiff's advanced age, staying all proceedings in the wrongful death case could unjustly prevent him from testifying or offering evidence regarding his damages. On remand, the court may allow discovery (including plaintiff's deposition) on the severable proximate cause and damages issues in the wrongful death case.

¶ 28 CONCLUSION

¶ 29 Based on the foregoing, we reverse the judgment of the Rock Island County circuit court in part, affirm it in part, and remand for further proceedings consistent with this opinion.

¶ 30 Affirmed in part and reversed in part; cause remanded.